IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. FULLER,**  **Plaintiff,**  v.  **IRS,**  **Defendant.** | Case No. 20-CV-01260-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On November 20, 2020, Plaintiff Robert L. Fuller filed a Complaint against the Internal Revenue Service ("IRS") in the case at hand (Doc. 1). In the Complaint, Fuller alleges that after issues with the IRS regarding receipt of his tax filing, which the IRS considered late, the agency did not provide him with a refund (Doc. 1, p. 5). Under the amount in controversy, Fuller wrote "4,848 and interest" (*Id.*). Fuller did not provide any further explanation of his claim. This case is now before the Court for consideration of Fuller's Motion for Leave to Proceed in forma pauperis ("IFP"), Motion for Recruitment of Counsel, and Motion for Service of Process at Government Expense (Docs. 2, 3, and 4).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Fuller appears to be indigent and he has signed his affidavit. Accordingly, the Motion for IFP is **GRANTED**.

Fuller's IFP status does not end the inquiry. Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Fuller's motion for IFP requires the undersigned District Judge to closely review the allegations of his petition.

Fuller's claim fails this additional level of review. One problem here is that Fuller's claim for monetary damages is not explained with any particularity. While this Court construes *pro se* complaints liberally, a monetary damages amount along with a general allegation about a late filing and not receiving a refund, presumably that he believes he is entitled to, without any further facts, makes the claim less than plausible. That alone allows the Court to dismiss without prejudice.

But federal tax payments are subject to a broad regulatory scheme which requires persons challenging an alleged deficiency to adhere to specific procedures and deadlines. Those include seeking relief from the IRS itself, and then from a United States Tax Court - not a district court.[1] Therefore, the Complaint is also frivolous in that it fails to engage the Court's subject matter jurisdiction and should

---

[1] *See* https://www.irs.gov/newsroom/taxpayer-bill-of-rights-4-the-right-to-challenge-the-irss-position-and-be-heard-1 (last visited January 5, 2021).

be dismissed with prejudice. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002), *cert. denied*, 538 U.S. 910 (2003); *African-American Slave Descendants Litig.*, 471 F.3d 754, 758 (7th Cir. 2006).

For the foregoing reasons, Plaintiff Robert L. Fuller's Motion for IFP (Doc. 2) is **GRANTED**. Additionally, Fuller's case is **DISMISSED with prejudice**. As a result, his Motion for Recruitment of Counsel and Motion for Service of Process at Government Expense (Docs. 3 and 4) are **DENIED** as **MOOT**.

Out of an abundance of caution, the Court advises Fuller as follows. If Fuller wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Fuller chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Fuller files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Fuller wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also

comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Fuller showing excusable neglect or good cause.

If Fuller chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Fuller cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Fuller plans to

present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   January 5, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
